[Crim. No. 5994. Second Dist., Div. One. Jan. 7, 1958.]

THE PEOPLE, Respondent, v. FRANK S. VILLEGAS, Appellant.

Burton Marks, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

THE COURT.—This is a motion by appellant to augment the record on appeal by including therein the opening argument by counsel for the People, the argument of appellant's counsel at his trial, and the closing argument on behalf of the People.

The motion is primarily based on the affidavit of appellant's court-appointed counsel wherein he states that following his appointment by this court to represent appellant on this appeal, he informed the latter of said appointment and received a communication from appellant who is confined at the California Medical Facility at Vacaville, California, "That in said communication appellant indicated to your affiant that the record (of which appellant is possessed) was incomplete in that it did not contain the opening argument on behalf of the People, the opening argument on behalf of the defense, and the closing argument on behalf of the People.

"The appellant further states in his letter 'as a consequence of the above, I have been unable to formulate anything definite as basis for my appeal.' That your affiant respectfully states to this Honorable Court that if there is any basis for appellant's appeal herein, it must necessarily rest upon error either in the opening or closing argument of the People, and perhaps in the opening argument on behalf of the defense. (Your affiant has no personal knowledge of the contents of any of the said arguments.)"

Rule 33(b) of Rules on Appeal provides that if an appellant desires a record in addition to the normal record on appeal, "he shall file with his notice of appeal an application disclosing the material he desires to have included *and the points on which he intends to rely which make it proper to include it.*" No such application was made to the trial court and the motion now before us contains no mention whatever of any "points upon which appellant intends to rely" insofar as the oral arguments at his trial are concerned. No refer-

ence is made as to what was said in the oral arguments that would make it "proper to include" them in the record on appeal. We regard the motion as insufficient to warrant this court in augmenting the record as requested.

The motion is therefore denied without prejudice to its renewal in conformity with the foregoing provisions of the Rules on Appeal.